UNITED STATES of America, Appellee,

v.

Stewart J. LEONARD, Sr., Defendant–Appellant.

No. 24, Docket 94–1636.

United States Court of Appeals, Second Circuit.

Argued Sept. 7, 1995.

Decided Oct. 4, 1995.

Barbara Bailey Jongbloed, Assistant United States Attorney, New Haven, Connecticut (Christopher F. Droney, United States Attorney for the District of Connecticut, New Haven, Connecticut, Kari A. Pedersen, Assistant United States Attorney, Bridgeport, Connecticut, on the brief), for Appellee.

Kurt F. Zimmermann, Silverstein & Osach, New Haven, Connecticut (Nathan M. Silverstein, Silverstein & Osach, New Haven, Connecticut, on the brief), for Defendant–Appellant.

Before: KEARSE, JACOBS, and LEVAL, Circuit Judges.

PER CURIAM:

Defendant Stewart J. Leonard, Sr., whose original sentence, entered following his plea of guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, was vacated by this Court in *United States v. Leonard*, 37 F.3d 32 (2d Cir.1994) (*"Leonard I"*), appeals from a judgment of the United States District Court for the District of Connecticut, Peter C. Dorsey, *Judge*, entered on remand, sentencing Leonard to 52 months' imprisonment, to be followed by 36 months' supervised release, and imposing a fine of

$650,000, plus costs of incarceration and supervision in the amount of $96,850.80. On appeal, Leonard challenges the fine, contending principally that it is an impermissible departure from the fine schedule prescribed in the federal Sentencing Guidelines ("Guidelines"). We disagree and affirm the judgment.

The background of this prosecution and the principles governing upward departures from the Guidelines are set forth in detail in *Leonard I,* familiarity with which is assumed. In its original judgment, the district court sentenced Leonard to 52 months' imprisonment, to be followed by 36 months' supervised release, and imposed a fine of $850,000, plus costs of incarceration and supervision in the amount of $96,850.80. The court cited six factors in support of its decision to depart. In *Leonard I,* this Court ruled the departure inappropriate because the factors cited by the district court were "of a kind" already considered by the Sentencing Commission in formulating the Guidelines, and because the district court had not determined that the factors were present "to a degree" not adequately considered by the Commission. 37 F.3d at 37 (internal quotation marks omitted). We vacated the sentence and remanded for resentencing; we noted that the district court was free to consider on remand whether the factors on which it had relied were present to a degree not adequately considered by the Commission. *See id.*

On remand, the district court imposed a sentence identical to its original sentence, except that, partly in recognition of a divestiture the court had not previously considered, it imposed a fine of $650,000 rather than $850,000. The range of fines prescribed for Leonard by Guidelines § 5E1.2(c) was $10,000 to $100,000. The imposition of a $650,000 fine was thus a departure. In support of its decision, the court cited the alternative-fine provision in the first paragraph of Application Note 4 to Guidelines § 5E1.2 (Hearing Transcript, October 26, 1994 ("Tr."), 52–53) and stated that the departure was justified under that provision

> because the gain to you from the activity was vastly greater than twice the maximum provided in the guidelines—I hap-

pened just simply to find that the maximums provided in the guidelines do not adequately reflect the appropriate sentence as far as the possibility of imposing a fine is concerned, although I do temper the question of the imposition of a fine by the fact that here the Government has or is being made whole.

(Tr. 53.) In addition, the court stated:

> I do think also to be considered is the fact that under Rule or Section 5(K)2.0, accepting as I am the finding of the Court of Appeals that the six factors that I articulated the first time you were sentenced had previously been considered in the formulation of the guidelines, I am convinced in two respects that both individually and cumulatively as present in this case the facts have two significances. One is I don't think they have been adequately considered by the Commission if they were, in fact, considered as the Court of Appeals has dictated.
>
> Secondly, I am convinced and I find that the factors are present to a degree that is substantially greater than would ordinarily be involved in this type of an offense.

(Tr. 53.)

Leonard argues (1) that the departure pursuant to § 5E1.2 Application Note 4 was improper, and (2) that the court's reliance on the original six factors cannot be sustained because the court did not articulate in what way the Commission's consideration of those factors was inadequate. Though the second contention may have some merit, given the conclusory nature of the district court's statements, we need not address it because the court's reliance on § 5E1.2 Application Note 4, a Guidelines provision not mentioned by the court in imposing its original sentence, was adequate to justify the departure. *See, e.g., Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992) (if sentencing court has relied on more than one ground and one ground is erroneous, a remand is required only "if the sentence would have been different but for the district court's error").

■ The alternative-fine provision referred to by the district court on remand states as follows:

> The Commission envisions that for most defendants, the maximum of the guideline fine range from subsection (c) will be at least twice the amount of gain or loss resulting from the offense. Where, however, two times either the amount of gain to the defendant or the amount of loss caused by the offense exceeds the maximum of the fine guideline, an upward departure from the fine guideline may be warranted.
>
> Moreover, where a sentence within the applicable fine guideline range would not be sufficient to ensure both the disgorgement of any gain from the offense that otherwise would not be disgorged (*e.g.*, by restitution or forfeiture) and an adequate punitive fine, an upward departure from the fine guideline range may be warranted.

Guidelines § 5E1.2 Application Note 4. It is undisputed that the tax loss in this case was $6.7 million. Twice the amount of that loss is $13.4 million. Plainly, a fine of $100,000, the top of the Guideline fine range applicable to Leonard, did not meet the Commission's expectation that a fine within that range would be "at least twice the amount of gain or loss resulting from the offense." The first paragraph of Guidelines § 5E1.2 Application Note 4 thus authorized the district court to depart from the Guidelines fine range.

■ Leonard argues that the second paragraph of Application Note 4, which authorizes a departure if the prescribed fine range would not be sufficient to ensure both the disgorgement of any gain from the offense that would not otherwise be disgorged and an adequate punitive fine, indicates that the court could not properly depart pursuant to that Note because Leonard had already entered into a civil settlement with the Internal Revenue Service ("IRS") requiring him to pay the IRS $15 million. He describes that sum as representing $5 million in back taxes, $5 million in interest, and $5 million in tax penalties, and he argues that a departure was therefore not necessary to ensure either the disgorgement of his gains or the imposition of punitive measures. We reject his interpretation of the second paragraph of Application Note 4 for several reasons. First, that paragraph begins with the word "Moreover," suggesting that the Commission sought to state an additional basis for departure, not to narrow the terms of the departure authorized in the first paragraph. Second, as a settlement, the required payment of $5 million as back taxes may or may not represent a disgorgement of Leonard's entire unlawful gain. Leonard concedes a government tax loss of $6.7 million. Third, the payment of back taxes and interest is a sanction that is more compensatory than punitive; and civil tax penalties owing under Title 26 irrespective of the existence of a criminal prosecution are not a substitute for the punitive fines required by Title 18 in the event of such a prosecution and conviction. The Guidelines instruct that "[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." Guidelines § 5E1.2(e). We conclude that the second paragraph of Application Note 4 to § 5E1.2 afforded Leonard no relief from the departure authorized by the first paragraph.

Finally, Leonard contends that even if some departure was authorized, the fact that he has already paid the IRS $15 million made the imposition of an additional fine $550,000 above the Guidelines range unreasonable. We disagree. The first paragraph of Application Note 4 states that "an upward departure ... may be warranted" where "two times either the amount of gain ... or ... loss ... exceeds the maximum of the fine guideline." In view of the admitted $6.7 million tax loss, the Commission appears to envision a possible fine of $13.4 million or more. Both the total fine of $650,000 and the $550,000 component constituting the departure were small when compared with these figures. We cannot conclude that the departure was unreasonable.

We have considered all of Leonard's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.