101 F.3d 687
 78 A.F.T.R.2d 96-5125
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Vincent J. CATALFO, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-4050.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Vincent J. Catalfo pro se, Otisville, NY, for Appellant.
 Gary R. Allen, Att'y, Tax Div., Dep't of Justice, Washington, DC.
 U.S.T.C.
 AFFIRMED.
 Before KEARSE, MAHONEY and McLAUGHLIN, Circuit Judges.
 This cause came on to be heard on the transcript of record from the Tax Court of the United States, and was submitted by petitioner pro se and by counsel for respondent.
 
 
 1
 ON CONSIDERATION THEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of the Tax Court be and it hereby is affirmed.
 
 
 2
 Petitioner pro se Vincent J. Catalfo appeals from a decision of the United States Tax Court, Robert P. Ruwe, Judge, assessing additions to tax on account of Catalfo's fraud for the years 1984 through 1988. On appeal, Catalfo contends principally that (1) the imposition of the additions violated the Dougle Jeopardy Clause because when Catalfo was sentenced for crimes relating to the tax year 1989 the sentencing court took into account his allocution to tax evasion during the years 1984 through 1988, and (2) the Commissioner's assessment fo the additions violated the plea agreement signed in connection with the 1989 offenses. We reject Catalfo's first contention substantially for the reasons stated in Judge Ruwe's Memorandum Findings of Fact and Opinion dated March 15, 1995. See Helvering v. Mitchell, 303 U.S. 391, 398-99, 406 (1938); see also Thomas v. Commissioner, 62 F.3d 97, 97, 102 (4th Cir.1995)(imposition, for fraud, of addition composed of 50% of tax deficiency for tax years 1983-85 plus 50% of the interest on the deficiency was not punishment for double jeopardy purposes); McNichols v. Commissioner, 13 F.3d 432, 433-35 (1st Cir.1993)(addition to tax for fraud is not punishment for double jeopardy purposes) cert. denied, 114 S.Ct. 2705 (1994); cf. United States v. Leonard, 67 F.3d 460, 462 (2d Cir.1995)("civil tax penalties owing under Title 267 irrespective of the existence of a criminal prosecution are not a substitute for the punitive fines required by Title 18 in the event of ... prosecution and conviction").
 
 
 3
 Nor are we persuaded that respondent's assessment of the additions to tax violated the government's plea agreement. The letter agreement did not contain a promise that such additions would not be assessed, and it stated that "[n]o additional promises, agreements, and conditions ha[d] been entered into other than those set forth in this letter," and that any subsequent agreement would have to be "in writing and signed by all parties." No such agreement appears in the record.
 
 
 4
 We have considered all of Catalfo's contentions on this appeal and have found them to be without merit. The judgment of the tax court is affirmed.